**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

_____

| | |
|---|---|
| **UNITED STATES,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:16-cr-20097-JTF-02 |
| | ) |
| **RODERICK HERRON,** | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS**
_____

Before the Court is Defendant Roderick Herron's Motion to Suppress Cell Phone data filed on December 27, 2017. (ECF No. 89.) The United States responded on January 10, 2018. (ECF No. 96.) The motion was referred to the assigned Magistrate Judge who conducted a hearing on the matter on January 31, 2018. (ECF Nos. 90, 92 & 108.) On February 8, 2018, the Magistrate Judge issued a Report and Recommendation that Defendant's Motion to Suppress should be denied. On February 15, 2018, Defendant filed objections pursuant to 28 U.S.C. § 636 (b)(1)(C). (ECF Nos. 110-112.) Finally, the Court heard from the parties on February 28, 2018, after which the Court ruled *Ore Tenus,* that the Report and Recommendation should be Adopted, and the Motion to Dismiss Denied. (ECF No. 113.)

## I.     FINDINGS OF FACT

The Magistrate Judge's proposed findings of fact were summarized during the suppression hearing. Defendant's objections do not challenge any of these proposed findings. Therefore, the Court adopts and incorporates the Magistrate Judge's proposed findings of fact in this case. (ECF No. 55, 1–4.)

## II. LEGAL STANDARDS

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the Magistrate Judge. Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the District Judge may accept, reject or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den.*, 448 U.S. 916 (1980) and 28 U.S.C. §636 (b)(1)(B).

## III. ANALYSIS

The sole issue presented is whether all the evidence obtained as a result of an order to produce certain records and information related to cellular telephone number (615) 975-7014 from April 26, 2015 to April 29, 2015, should be suppressed. The information obtained from cellular telephone placed Herron near the location at the time of the incident underlying the indictment in this case. Defendant challenges the data because it was obtained pursuant to an

Order that was issued based on the "reasonable grounds" standard of the Stored Communications Act, 18 U.S.C. § 2703(d). Without demonstrating "probable cause" to support a search warrant, Defendant argues that the Government obtained the cellular records in violation of his Fourth Amendment rights, and therefore the records should be suppressed. (ECF Nos. 89, 89-1 & 89-2).

The Fourth Amendment of the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. The Fourth Amendment applies to government intrusions when a person has a reasonable expectation of privacy. *See Rakas v. Illinois*, 439 U.S. 128, 142–43 (1978).

During the suppression hearing, the Magistrate Judge concluded that Defendant lacks a property interest or reasonable expectation of privacy in the cell site records of his wireless carrier. (ECF No. 110, 5-12). She noted that, while obtaining the cell site records, the Government did not access the content of any of Defendant's communications. (*Id.*) Therefore, the Magistrate Judge determined that because there was no search under the Fourth Amendment, Defendant's Fourth Amendment argument is without merit. *Smith v. Maryland*, 422 U.S. 735, 742-43 (1979) and *Katz v. United States*, 389 U.S. 347, 351-52 (1967). Thus, the Magistrate Judge's report recommends that Defendant's motion to suppress be denied. *United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016). The Court agrees.

In his objections, Defendant merely restates his argument that the reasonable grounds standard in the Stored Communications Act, 18 U.S.C. §§ 2703(c)(1)(B) and 2703(d) is unconstitutional and violates the Fourth Amendment. Although, Defendant concedes that the Magistrate Judge's recommendation is consistent with current Sixth Circuit authority, he wages

3

his objections on a pending Supreme Court decision in *Carpenter v. United States, 16-402, Argued November 29, 2017, Opinion Pending.* (ECF No. 112.) Until that time, the Court is bound by existing law. The Court finds that the Magistrate Judge properly recommended denying the motion to suppress on Fourth Amendment grounds and Defendant's objections are overruled.

## CONCLUSION

After *de novo* review of the Magistrate's Report and Recommendation, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Suppress, ECF No. 89. Accordingly, all of the data, evidence and information gained by the Government from the cellular device as a result of the order issued under 18 U.S.C. § 2703(d) is not suppressed.

**IT IS SO ORDERED** on this 5th day of March, 2018.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge